1
2
3
4
5
6
7

8
## UNITED STATES DISTRICT COURT
9
## SOUTHERN DISTRICT OF CALIFORNIA
10

11 TRUDI McCULLUM,                                    CASE NO. 10CV1719-LAB (RBB)

12                              Plaintiff,            **ORDER APPROVING**
                                                      **WITHDRAWAL OF ATTORNEY**
13          vs.                                       **APPEARANCE; AND**

14                                                    **ORDER GRANTING IN PART**
                                                      **MOTION FOR LEAVE TO AMEND**
15 LAW OFFICES OF SCOTT                               **COMPLAINT**
   CARRUTHERS,
16                              Defendant.

17

18

19          The unopposed *ex parte* application to withdraw the appearance of Michael Agruss,

20 Esq. (Docket no. 19) is **GRANTED**.

21          On July 10, Plaintiff filed a motion to amend the complaint, and to continue the trial

22 date (Docket no. 25). The motion also seeks to continue the trial date, although the motion

23 doesn't explain why a continuance is needed or appropriate.

24          The motion to amend represents that Plaintiff has discovered that the named

25 Defendant, Law Offices of Scott Carruthers (also referred called "Law Offices of D. Scott

26 Carruthers"), is not actually the proper Defendant, and that D. Scott Carruthers, Esq. is doing

27 business under this name. The motion therefore seeks to amend the complaint to name D.

28 Scott Carruthers as Defendant.

Defendant Law Offices of Scott Carruthers opposed the amendment primarily on the grounds that it is late without a good explanation. It inexplicably also claims it would be prejudiced by the amendment, which (for reasons not explained) would increase attorney's fees.

This last objection blurs the line between D. Scott Carruthers (who is acting as counsel for the Law Offices) and the current named Defendant, Law Offices of Scott Carruthers. Obviously, if the Law Offices is a real entity capable fo being sued, it would not be prejudiced by being dismissed as a Defendant, and would in fact welcome dismissal. On the other hand, D. Scott Carruthers himself would be prejudiced.  There is, however, no reason to think Mr. Carruthers would be unfairly prejudiced. He obviously knows about this action, has been participating in it, has been representing that the Law Offices are a proper Defendant, and has been representing to Plaintiff and to the Court that "Law Offices of Scott Carruthers" are the equivalent of Carruthers himself. At the pretrial conference, for example, he referred to himself in the first person as the Defendant. *See also* Minute Order of Magistrate Judge Ruben Brooks (Docket no. 33) (noting that "Defendant Dennis Carruthers, pro se, appeared in this Court's chambers as instructed").

Assuming there were some distinction between the Law Offices and Carruthers himself, Carruthers would be acting under a substantial conflict of interest by opposing the amendment. It is apparent, however, that neither party seriously thinks there is any difference between the lawyer D. Scott Carruthers and the Law Offices of Scott Carruthers.

This situation is governed by Fed. R. Civ. P. 15(c)(1)(C), which permits amendment (and relation back of that amendment) when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

10CV1719

1   These conditions are clearly satisfied here, and the complaint is therefore **DEEMED**

2   **AMENDED** to name D. Scott Carruthers (d/b/a Law Offices of Scott Carruthers) as

3   Defendant. The Clerk is directed to make this change in the docket.  There is no reason to

4   continue the trial date, so that request is **DENIED**. The trial will commence as scheduled,

5   and the pretrial order will issue shortly.

6

7          **IT IS SO ORDERED**.

8   DATED:  July 13, 2012

9

10  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -                                            10CV1719