# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDI McCULLUM,<br><br>                    Plaintiff,<br>  vs.<br><br>D. SCOTT CARRUTHERS, d/b/a LAW OFFICES OF SCOTT CARRUTHERS, *pro se*,<br><br>                    Defendant. | CASE NO. 10CV1719-LAB (RBB)<br><br>**ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE BROOKS' ORDER IMPOSING SANCTIONS** |

On April 16, 2012, Magistrate Judge Ruben Brooks issued an order to show cause why Plaintiff's counsel, Ryan Lee, should not be sanctioned for failing to appear at a scheduled mandatory settlement conference. After receiving briefing and holding a hearing, Judge Brooks on July 9 ordered Lee to pay sanctions totaling $700. Lee then filed an objection to Judge Brooks' order. A magistrate judge has authority to impose non-dispositive sanctions for violations of the magistrate judge's orders. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Specifically, a magistrate judge has authority to impose such sanctions for noncompliance with an order requiring attendance at a settlement conference. *Okonkwo v. Glendale Union High School Dist.*, 2009 WL 536568 at *2 (D.Ariz., March 4, 2009).

/ / /

In reviewing objections to a magistrate judge's order on nondispositive matters, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Here, Judge Brooks was required to impose sanctions, unless the noncompliance was substantially justified, or awarding damages would be unjust. *See Okonkwo*, 2009 WL 536568 at *2 (citing Fed. R. Civ. P. 16(f)(1)(C), 16(f)(2)).

Plaintiff has not shown that Judge Brooks' order was clearly erroneous or contrary to law, and his objections are therefore **OVERRULED**. Although Lee asks the Court to allow him to offset payment of sanctions against amounts he says Defendant owes him as a result of unpaid judgments, the Court concludes that doing so would not be proper. If Mr. Lee believes Defendant owes him money, the proper course of action is to enforce those judgments.

**IT IS SO ORDERED**.

DATED: July 19, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge